**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

YVONNE DOUEK,                                              Case No.   22cv7326

                      Plaintiff,

                                                                                  **COMPLAINT**

      - against -

                                                                            Jury Trial Demanded

EDWARD MALINA, INC. dba DELACQUA SALON
and EDWARD MALINA , *Individually*,

                      Defendants.
------------------------------------------------------------------------X

      Plaintiff, YVONNE DOUEK, by and through her attorneys, NISAR LAW GROUP, P.C., hereby complains of Defendants Edward Malina, Inc. and Edward Malina individually, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff Yvonne Douek ("Plaintiff") brings this action against Defendants Edward Malina Inc. dba Delacqua Salon and Edward Malina individually pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for Defendants' failure to pay minimum wage for Plaintiff's actual hours worked up to forty (40) hours per work week; spread of hours for Plaintiff's actual hours worked beyond ten (10) hours in a work day; and overtime wages due and owed for hours worked in excess of forty (40) hours per workweek. As a result of Defendants' violations of the NYLL and FLSA, Plaintiff is entitled to (a) the full amount of underpayments, (b) attorneys' fees and costs, (c) pre and post judgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due. Additionally, Plaintiff is owed compensation for her accrued and unused sick hours plus attorneys' fees under New York

City's Sick Leave Law which also allows for recovery of attorneys' fees and costs.

2. Plaintiff also complains of Defendants' violations of New York Labor Law § 195, *et seq.* as a result of Defendants' failure to provide her with accurate wage statements and written notice of lawful minimum wage rates that damaged Plaintiff and seeks to recover the maximum damages permitted under NYLL.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is proper under §216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28 U.S.C. §§ 1331 and 1343.

4. Based upon information and belief, at all relevant times Defendants gross annual revenue was over $500,000 and were engaged in interstate commerce within the meaning of the FLSA which requires: (a) had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had an annual gross volume of sales of not less than $500,000.00.

4. During the relevant times of Plaintiff's employment with Defendants, Plaintiff routinely engaged in activities which facilitate or relate to interstate or foreign commerce such as filling orders for products to be shipped outside of New York and handling credit card transactions for customers in the tri-state area and customers visiting NYC from other states and from outside the U.S

5. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## THE PARTIES

7. At all relevant times, Plaintiff YVONNE DOUEK ("Plaintiff") was a resident of the State of Kings County, New York.

8. Based upon information and belief, at all relevant times, Defendant EDWARD MALINA, INC. was doing business as DELACQUA SALON (Defendant "Delacqua Salon" or "Delacqua"), a domestic corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 2027 86th Street, Brooklyn, New York 11214.

9. Based upon information and belief, at all relevant times Defendant Edward Malina ("Defendant Malina") owned and operated Delacqua Salon.

10. At all times relevant, Defendant Malina was Plaintiff's supervisor and had supervisory authority over Plaintiff.

11. Defendant Delacqua Salon and Defendant Malina are collectively referred to herein as "Defendants."

12. Based upon information and belief, at all relevant times, Defendants owned, operated, and/or maintained a hair salon and medical spa located at 2027 86th Street, Brooklyn, New York 11214 with a website address of www.delacquasalon.com

13. At all relevant times, Plaintiff was a full-time front reception desk employee of Defendants.

14. At all relevant times, Defendants had the power to, and were responsible for, determining the wages to be paid to Plaintiff.

15. At all relevant times, Defendants had the authority and control to establish the terms and

conditions of employment of Plaintiff, including Plaintiff's duties, schedule, and rate of pay.

16. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an "employee" and an employee is anyone who is suffered or was permitted to work. Accordingly, Defendants are liable as "employers" under the FLSA.

17. Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

## STATEMENT FACTS

18. From on or about October 2, 2020 to on or about August 27, 2021, Plaintiff worked for Defendants as the front desk receptionist at Defendant Delacqua salon and medi spa with various other duties further detailed *infra*.

19. During the relevant period of Plaintiff's employment, the posted business hours were from 9am to 7pm, Monday through Sunday. However, the Defendant salon regularly did not actually close to business with clients until approximately 11pm.

20. As the front desk receptionist, Mondays through Sundays, Plaintiff was responsible for: (1) scheduling customer appointments based on individual stylists' availability; (2) filling customer purchase orders; (3) maintaining inventory or salon products; (4) cleaning the store including but not limited to showcases in the front of the store; (5) opening and closing the salon; (6) picking up and tutoring Defendant Malina's son and feeding his pets at his nearby residence; (7) running other miscellaneous errands for Defendant Malina ; (8) performing cash and credit transactions for customers; (9) distributing or handing out payroll or weekly wage payments to salon employees.

21. Mondays through Fridays between 4pm and 9pm, Plaintiff was required to walk to Defendant Malina's home and assist Defendant Malina's middle school aged child with home

work. At 9pm, Plaintiff was required to return to the salon and take care of Defendant Malina's private clients after salon hours. Plaintiff was required to close the store after all clients were finished with their services which regularly ended at approximately 11pm.

22. Throughout her employment, Plaintiff regularly worked approximately ninety eight (98) hours per week for Defendants.

23. At all times relevant, Plaintiff had neither supervisory responsibilities nor authority or control over her or other employees' work hours, rates of pay or any other terms and conditions of employment.

24. During the relevant time period of Plaintiff's employment, the minimum wage rate pursuant to NYLL was $15 per hour and the over time wage rate was $22.50 per hour.

25. However, throughout Plaintiff's employment, Defendants willfully and unlawfully paid Plaintiff $11 per hour for all of her actual hours worked regardless of any hours worked beyond 40 hours in a workweek, 7 days per week.

26. Accordingly, Defendants willfully and unlawfully underpaid Plaintiff for her hours worked to 40 hours per week which should have been at the rate of $15 per hour totaling approximately $600 per week.

27. Accordingly, Defendants willfully and unlawfully underpaid Plaintiff her overtime wages for any of her hours worked beyond 40 hours per week which was approximately 58 hours of overtime hours per week at the rate of $22.50 per hour totaling approximately $1,305 per week in overtime wages.

28. Defendants failed to provide Plaintiff with any written notice of including but not limited to: her regular rate of pay, overtime rate of pay, regular payday, the official name of the employer and any other names used for business, the address and phone number of the

employer's main office or principal location as required by NYLL §195.

29. Plaintiff was damaged by the lack of wage notice pursuant to NYLL §195 as she was not made aware of her right to minimum wage which was $15 per hour, not $11 per hour and overtime was $22.50 for any hours worked beyond 40 hours per week during the relevant time period of her employment. Plaintiff was also not made aware that she could complain to the New York State Department of Labor about Defendants' non-compliance with NYS wage and hours laws. Defendants concealed wage and hour claims against them by willfully withholding wage and hour notice to Plaintiff.

30. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff is entitled to double or Liquidated Damages under FLSA and NYLL from Defendants, jointly and severally.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA") 29 USC §201 et seq.
## MINIMUM WAGE

31. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

32. As pleaded throughout this complaint, Defendants employed Plaintiff in the aforementioned enterprise and willfully failed to compensate Plaintiff at the required minimum hourly rate of $15 per hour for up to 40 hours in each workweek throughout the relevant times of her employment.

33. Defendants' willful failure to pay Plaintiff the mandated minimum hourly pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

34. Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

35. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

36. Accordingly, Plaintiff seeks to recover her minimum wage underpayments, double or liquidated damages for the underpayment amounts to be determined at the time of trial, attorneys fees and costs, pre and post judgment interest pursuant to FLSA 29 USC §201 et seq.

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW § 652(1)
## MINIMUM WAGE

37. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

38. As alleged throughout this complaint, Plaintiff was a non-exempt employee of Defendants within the meaning of the NYLL.

39. At all relevant times, Defendants failed to properly pay Plaintiff's minimum wages for her actual hours worked in violation of NYLL § 652 and the supporting New York State Department of Labor regulations, including 12 N.Y.C.R.R. Part 142-3.1

40. Defendants failed to pay Plaintiff the required minimum hourly wage rate of $15 per hour for each one hour of work during the relevant times of her employment.

41. Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

42. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142 which set minimum wage at $15 per hour during the relevant times of Plaintiff's employment.

43. Defendants' actions were willful.

44. Due to Defendants' NYLL violations, Plaintiff seeks to recover from Defendants her unpaid minimum wage in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid wages in the form of liquidated damages, as well as attorneys' fees and costs

of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA") 29 USC §207
## DEFENDANTS' FAILURE TO PAY OVERTIME

45. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

46. Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for her actual hours worked in excess of forty (40) hours per week at a rate of at least one-and-one-half times the $15 minimum wage rate totaling 22.50 per hour during the relevant times of her employment.

47. Defendants failed to pay the proper overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201, *et seq.*, and FLSA rules and regulations.

48. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, 29 U.S.C. §207.

49. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

50. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer a loss of wages.

51. Accordingly, Plaintiff seeks to recover her overtime underpayments, double or liquidated damages for the underpayment amounts to be determined at the time of trial, attorneys fees and costs, pre and post judgment interest pursuant to FLSA 29 USC §201 et seq.

## AS AND FOR A FOURTH CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW, 22 NYCRR 142
## DEFENDANTS' FAILURE TO PAY OVERTIME

52. Plaintiff repeats, realleges and incorporates by reference each and every previous

allegation as if fully set forth herein.

53. As alleged throughout this complaint, Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

54. As alleged throughout this complaint, Defendants failed to pay Plaintiff overtime wages for her actual hours worked in excess of forty (40) hours per week during the relevant time period of her employment.

55. Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2 which was at one and one half times the $15 minimum wage rate totaling $22.50 per hour for all of Plaintiff's hours worked beyond 40 hours in each workweek during the relevant time period of Plaintiff's employment.

56. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

57. Defendants' failure to pay proper overtime wages was willful.

58. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

**AS AND FOR A FIFTH CAUSE OF ACTION**
**New York Labor Law Spread of Hours Pay**

59. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

60. During all relevant times of Plaintiff's employment, Defendants failed to pay spread of hours pay to either of Plaintiff in violation of 12 NYCRR §142-2.4 which states in relevant part,

"An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours."

61. As alleged throughout this Complaint, at all relevant times the daily hours of operation at the salon was 9am to 11pm and Plaintiff regularly worked until 11pm for private after hours salon clients and caused Plaintiff to work 14 hour days, 7 days per week.

62. Accordingly, Plaintiff seeks her unpaid spread of hours pay for each workday that exceeded 10 hours regardless of breaks, during the relevant time period, liquidated damages, attorneys fees and costs, pre and post judgment interest, penalties and costs in pursuant to NYLL§ 198.1-a

### AS AND FOR A SIXTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LABOR LAW
### WAGE NOTICE REQUIREMENT

63. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

64. As set forth throughout this complaint NYLL 195(1) required Defendants to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

65. Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL §195 to conceal wage and hour claims against them.

66. Plaintiff at time of hire but failed to provide notice to Plaintiff even after the fact and was thereby damaged because she was not aware of her rights to minimum wage and overtime or that she could complain to the New York State Department of Labor.

67. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-b).

## AS AND FOR A SEVENTH CAUSE OF ACTION

**New York Labor Law (NYLL) § 195 – Failure to Provide Accurate Wage Statements**

68. Plaintiff repeats, realleges and incorporates by reference each and every previous allegation as if fully set forth herein.

69. As alleged throughout this complaint, Defendants failed to provide Plaintiff with proper and accurate wage statements throughout her employment stating, including but not limited to: all regular hours of work, her rate of pay, and the basis of pay, in violation of NYLL § 195(3).

70. Defendants failed to maintain proper and accurate time records that accurately reflected Plaintiff's minimum and overtime hours and wages due to her as alleged throughout this Complaint.

71. Plaintiff was damaged because she was not aware of her rights to minimum wage and overtime or her proper wage payments and was forced to suffer repeated underpayments of her wages.

72. Due to Defendants' violations of the NYLL 195(3), Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## AS AND FOR A EIGTH CAUSE OF ACTION

**Compensation for accrued and unused sick hours pursuant to New York City Sick Leave Act pursuant to Title 20 of New York City Admin. Code §20 -911 et seq**

73. Plaintiff repeats and re-alleges and incorporates by reference each and every previous allegation as if fully set forth herein.

74. Effective on or about May 5, 2018, the New York City Sick Leave law required employers with up to 99 employees to provide paid 40 sick hours in calendar year and 56 paid sick hours if the employer employed 100 or more employees in the aggregate.

75. Under NYC law employers were mandated to provide notice to employees of their rights to these paid sick hours.

76. Under NYC law, employers were mandated to record and provide to each employee, year to date accrued and used sick hours on each wage statement.

77. Under NYC law, employers were required to roll over accrued and unused sick pay hours or compensate employees at their regular hourly wage rates for the unused sick pay hours.

78. During all relevant times of her employment, Defendants' salon located in the NYC area was covered and subject to the NYC sick leave law.

79. Defendants failed to provide notice to Plaintiff of her paid sick hours rights under NYC sick leave law yet knew at all relevant times that she was subject to NYC laws and rules and regulations.

80. During all relevant time periods, Defendants failed to maintain and record Plaintiff's respective accrued and used sick hours on their wage statements.

81. During all relevant time periods, Defendants willfully denied Plaintiff's unused sick hours compensation and did not roll over their unused sick hours.

82. Accordingly, Plaintiff seeks compensation for unused sick hours during their relevant periods of employment, liquidated damages, pre and post judgment interest, costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff her earned wages at the proper minimum wage and overtime rates;

B. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYLL by failing to pay Plaintiff's spread of hours pay for each day she worked beyond 10 hours in a work day at one hour of minimum wage; and

C. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYLL by failing to give proper wage notice and accurate wage statements to Plaintiff; and

D. Awarding damages to Plaintiff for all unpaid or underpaid minimum, spread of hours and overtime wages due under the FLSA and the NYLL;

E. Awarding damages to Plaintiff as a result of Defendants' failure to provide proper wage notice and accurate wage statements as required under the NYLL;

F. Awarding Plaintiff double or 100% liquidated damages of underpayment or unpaid amounts of wages as a result of Defendants' willful failure to pay proper minimum, spread of hours and overtime wages under FLSA and NYLL;

G. Awarding Plaintiff NYC Sick Leave Law damages for Plaintiff's accrued and unused sick hours during the relevant time period of her employment;

H. Awarding Plaintiff attorneys' fees and costs pursuant to FLSA, NYLL and NYC Sick Leave Law; and

I. Awarding Plaintiff pre-judgment interest of nine per cent per annum (9%) pursuant to NYLL §198 and the New York Civil Practice Law and Rules §§ 5001- 5004; and

J. Awarding Plaintiff post-judgment interest pursuant to the New York Civil Practice Law and Rules § 5003

K. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 1, 2022

                                        **NISAR LAW GROUP, P.C.**
                                        *Attorneys for Plaintiff*

BY:    Susan Ghim, Of Counsel
          One Grand Central Place
          60 East 42nd St., Ste. 4600
          New York, NY 10165
          Email: sghim@nisarlaw.com
          Ph: (646) 889-1011